UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**GLOBAL ASSET**
**MANAGEMENT GROUP, INC.,**

      **Plaintiff,**

v.                                                                                  Case No.  6:24-cv-446-CEM-DCI

**FRA WEALTH MANAGMENT,**
**LLC.,**

      **Defendant.**
_____/

**ORDER**

THIS CAUSE is before the Court on Plaintiff's Motion for Temporary Restraining Order (Doc. 1). Insofar as the Motion seeks ex parte relief, it will be denied; insofar as it seeks a preliminary injunction, ruling will be deferred, and a hearing will be set in an expedited manner.

Plaintiff asserts that it and Defendant are parties to a contract that Defendant is breaching by improperly using confidential information and soliciting Plaintiff's clients. (*See generally* Doc. 1). Plaintiff is currently seeking the issuance of an ex parte temporary restraining order to enjoin Defendant from continuing to do so.[1]

---

[1] Plaintiff has not filed a Complaint in this Court, maintaining that it must proceed on the underlying causes of action in arbitration. At the evidentiary hearing, the Court expects Plaintiff to be prepared to explain—with supporting legal authority—how the Court is empowered to enter a preliminary injunction when there is no actual case filed here.

Pursuant to Federal Rule of Civil Procedure 65(b), a district court may issue a temporary restraining order ("TRO") "without written or oral notice to the adverse party" if the movant provides "specific facts . . . [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Additionally, to obtain such emergency, ex parte relief, Plaintiff must explain "the reason that notice is impractical," M.D. Fla. R. 6.01(b)(2), and must certify in writing "the reasons why [notice] should not be required," Fed. R. Civ. P. 65(b)(1)(B). "An *ex parte* temporary restraining order is an extreme remedy to be used only with the utmost caution." *Levine v. Comcoa Ltd.*, 70 F.3d 1191, 1194 (11th Cir. 1995) (Hill, J., concurring). It is Plaintiff's burden to demonstrate "why [notice] should not be required." Fed. R. Civ. P. 65(b)(1)(B).

In addressing why relief should be granted on an ex parte basis, Plaintiff merely relies on its arguments for irreparable injury and then goes on to state that because Defendant has not voluntarily agreed to stop its behavior, "it is reasonable to believe" that Defendant will continue to do so during the time it takes to provide notice and a hearing. (Doc. 1 at 24). This type of speculative assumption is insufficient to meet Plaintiff's burden to establish that the extraordinary remedy of ex parte relief is warranted here. *See Johnson & Johnson v. Xs Supply*, No. 8:19-cv-1673-T-33AEP, 2019 U.S. Dist. LEXIS 234443, at *8 (M.D. Fla. July 11, 2019) (declining to issue an ex parte restraining order where the plaintiff merely speculated about what the defendants would do without any further details or evidence).

However, given the potential irreparable harm discussed by Plaintiff, the Court will address this matter on an expedited basis. Accordingly, it is **ORDERED** and **ADJUDGED** that Plaintiff's Motion for Temporary Restraining Order (Doc. 1) is **DENIED in part** and **DEFERRED in part**.

1. Plaintiff's request for ex parte relief is **DENIED**.

2. Plaintiff's request for a preliminary injunction is **DEFERRED**.

3. **On or before March 13, 2024**, Plaintiff shall serve Defendant with a copy the Motion for Temporary Restraining Order, this Order, and provide proof of such service.

4. If Defendant chooses, it may respond to the Motion in writing **on or before March 18, 2024 at 12:00 PM**.

5. Plaintiff and Defendant shall appear on **Tuesday, March 19, 2024, at 1:30 PM** in Courtroom 3A, George C. Young United States Courthouse Annex, 401 W. Central Boulevard, Orlando, Florida, before the Honorable Carlos E. Mendoza. The Court has reserved **no more than ninety minutes for the hearing**.

**DONE** and **ORDERED** in Orlando, Florida on March 11, 2024.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record